UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROOSEVELT LEGGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01768-JMS-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Granting Motion for Ruling,
Denying Motion to Show Cause, and Dismissing Petition for Writ of Habeas Corpus**

Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2254 challenging his state-court conviction in case number 49G01-9909-CF-159622. The Court ordered him to show cause why his petition should not be dismissed as time barred. Dkt. 3. The petitioner responded. Dkt. 6; dkt. 8. For the reasons discussed in this Order, the petition is dismissed as time barred and a certificate of appealability shall not issue.

## I.    Legal Standard

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several statutes governing federal habeas relief as part of AEDPA. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28

U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)). To the extent applicable, 28 U.S.C. § 2244(d)(1)(C) provides that a state prisoner "has one year to file a habeas petition based on a newly recognized constitutional right made retroactively applicable by the Supreme Court to collateral review."

## II.   Discussion

The petitioner's one-year limitations period has expired. The Court takes judicial notice of the state court online dockets in the petitioner's direct appeal and post-conviction proceedings.[1] According to those dockets, the petitioner's direct appeal in case number 49A02-0106-CR-00422 was denied on April 30, 2002, and he did not petition to transfer to the Indiana Supreme Court. He filed a petition for post-conviction relief in state court on January 28, 2003, in case number 49G01-9909-PC-159622. The court granted petitioner's motion to withdraw his petition with prejudice on March 24, 2005. Thus, the petitioner's one-year limitations period expired over fifteen years ago.

The petitioner argues that he received bad advice after his direct appeal was denied and that he was housed in a lock-up unit when his state petition for post-conviction relief was dismissed with prejudice. He says that he was disoriented and depressed and that it was difficult to file legal motions while in segregation. Dkt. 7 at 1-2. He was transferred to the New Castle Correctional Facility Mental Health Ward for a little over a year. He received medication and programming there that helped him. He was then transferred to Indiana State Prison and was able to resume work

---

[1] Online dockets available at https://public.courts.in.gov/mycase.

2

on his legal case after a "couple years." *Id*. at 2. He filed belated appeals in state court. More recently, he contracted COVID-19, is diabetic, has high blood pressure, and requires dialysis three times per week. *Id*. at 2-3.

### III.      Equitable Tolling

The petitioner's response raises a claim for equitable tolling of the one-year statute of limitations. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). These two "elements" are distinct. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Id.* It is the petitioner's "burden to establish both [elements]." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2015).

"Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (citations and quotation marks omitted); *see Socha*, 763 F.3d at 684 ("[T]olling is rare; it is reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.") (citation and quotation marks omitted).

The petitioner's conviction and sentence became final when, after his direct appeal, he did not file a petition for transfer to the Indiana Supreme Court by the deadline of May 30, 2002. *Gonzalez v. Thaler*, 565 U.S. 134, 154, (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" under § 2244(d)(1)(A) when the time for seeking such review expires."). Therefore, the one-year period of limitation began

running on May 31, 2002, and continued to run until he filed his state petition for post-conviction relief on January 28, 2003. By that time, a total of 242 days had elapsed, and 123 days remained. A limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). The limitations period resumed running on April 24, 2005, the day after his deadline to appeal expired.[2] The limitations period then expired on August 25, 2005.

The petitioner argues that during the relevant time period, he received bad advice, had limited access to legal resources, and suffered from depression and disorientation in segregation. But even if the Court considered these combined circumstances to be an extraordinary circumstance that stood in the petitioner's way of filing a timely federal habeas petition, he has not shown that he diligently pursued his rights between the time he regained his ability to pursue legal remedies a "couple years" later and when he filed his federal habeas petition on June 15, 2021. Indiana's online docketing system shows that the petitioner filed a petition for permission to file a belated appeal as early as July 3, 2014, in case number 49A05-1407-SP-00311. The petitioner has provided no explanation for why he did not file his federal habeas petition between 2014 and 2021. *Cf. Mayberry v. Dittman*, 904 F.3d 525, 531 (7th Cir. 2018) (holding that "mere conclusory allegations of diligence are insufficient and reasonable effort throughout the limitations period is required" to receive equitable tolling); *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013) (reasoning that a petitioner's failure to pursue his rights for months at a time weighed against a

---

[2] The post-conviction court dismissed the petition on March 24, 2005, and the petitioner did not appeal. It is unclear whether the time between the post-conviction court's decision and the deadline for the petitioner to have appealed is tolled, *Johnson v. McCaughtry*, 265 F.3d 559, 563-64 (7th Cir. 2001). Therefore, this Court will assume that the petitioner's time to appeal the state post-conviction court's decision was tolled and that his habeas limitation period began to run again after his time to appeal expired.

finding of reasonable diligence). He is therefore not entitled to equitable tolling and his petition must be **dismissed** as time-barred.

### IV.    Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). For claims resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist would dispute that the petitioner's petition is barred by the statute of limitations. Therefore, a certificate of appealability is **denied**.

### V.    Conclusion

The petitioner's motion for ruling, dkt. [8], is **granted**. His motion to show cause, dkt. [6], is **denied**. His petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **dismissed with**

**prejudice**, and a certificate of appealability shall not issue. Judgment consistent with this Order shall now issue.

     **IT IS SO ORDERED**.

Date: 12/6/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ROOSEVELT LEGGS
111388
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168